ANSTEAD, Judge,
dissenting:
I would adhere to our previous opinion holding that the Commission erred in aggravating petitioner’s presumptive parole release date because of his possession of a firearm during the commission of an aggravated assault. In doing so I believe the Commission improperly considered the petitioner’s use of the same weapon in the same incident twice. The Commission’s own rules prohibit aggravation by consideration of a factor which has already been considered in determining the seriousness of the offense for which the prisoner is incarcerated. In addition, the Florida Supreme Court has recently held that separate sentences may not be imposed for convictions of possession of a firearm during the commission of a felony and the underlying felony where the severity of the punishment for the underlying felony has already been enhanced by reason of the use of the fire *173 arm. See State v. Gibson, 436 So.2d 32 (Fla.1983).
The various responses filed by the Commission also reflect that the aggravation was specifically predicated upon petitioner having received consecutive sentences for the possession and assault charges, whereas the record reflects that the trial court ordered that such sentences be served concurrently.